UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>**THE COLONIAL BANCGROUP, INC.,**<br><br>        Debtor. | **Chapter 11**<br><br>**Case No. 09-32303 (DHW)** |
| **THE COLONIAL BANCGROUP, INC.,**<br><br>        Plaintiff,<br><br>        v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,**<br><br>        Defendant. | **Case No. 2:10-cv-0410 (MHT)** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
FDIC-RECEIVER TO DISMISS THE AMENDED COMPLAINT**

Of Counsel:

Kathryn R. Norcross
Senior Counsel

Jeffrey E. Schmitt
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia  22226
(703) 562-2429


Dated:  June 25, 2010

Michael A. Fritz, Sr.
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, Alabama  36117
(334) 215-4422

        - and -

Thomas R. Califano
John J. Clarke, Jr.
Michael D. Hynes
Spencer Stiefel
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
(212) 335-4500

Attorneys for the
  Federal Deposit Insurance Corporation
  as Receiver for Colonial Bank

**Table of Contents**

Page

Table of Authorities ................................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ........................................................................................................................ 2

      A.      Summary of Allegations .......................................................................................... 2

      B.      Procedural Background........................................................................................... 4

ARGUMENT

      THE COMPLAINT SHOULD BE DISMISSED FOR
      LACK OF SUBJECT MATTER JURISDICTION ........................................................... 5

CONCLUSION........................................................................................................................... 11

## Table of Authorities

Page

Cases

*Am. First Fed., Inc. v. Lake Forest Park, Inc.*,
   198 F.3d 1259 (11th Cir. 1999) ..................................................................................1, 5, 6, 7

*Cal. Housing Secs., Inc. v. F.D.I.C.*,
   No. 99-71084, 12 F. App'x. 519 (9th Cir. June 13, 2001) ..........................................................8

*Capital Bancshares, Inc. v. F.D.I.C.*,
   957 F.2d 203, 210 (5th Cir. 1992) ............................................................................................8

*Carmichael v. Kellogg, Brown & Root Servs., Inc.*,
   572 F.3d 1271 (11th Cir. 2009) ................................................................................................2

*Colonial BancGroup, Inc. v. F.D.I.C.*,
   No. 2:10-cv-0198 (MHT) (M.D. Ala.) ..................................................................................2, 4

*F.D.I.C. v. Brandt (In re Florida Park Banks, Inc.)*,
   110 B.R. 986 (Bankr. M.D. Fla. 1990) ....................................................................................8

*F.D.I.C. v. Mercer Bancorp, Inc.*,
   No. 89-0849, 1990 WL 515173 (W.D. Mo. Dec. 5, 1990) ........................................................8

*Freeman v. F.D.I.C.*,
   56 F.3d 1394 (D.C. Cir. 1995) ..............................................................................................5, 6

*Hudson United Bank v. Chase Manhattan Bank*,
   43 F.3d 843, 849 (3d Cir. 1994) ................................................................................................6

*Independent Bancgroup, Inc. v. F.D.I.C. (In re Independent Bancgroup, Inc.)*,
   217 B.R. 442 (Bankr. D. Vt. 1998) ...........................................................................................9

*Jump v. Manchester Life & Cas. Mgmt. Corp.*,
   438 F. Supp. 185 (E.D. Mo. 1977), *aff'd* 579 F.2d 449 (8th Cir. 1978) ...................................8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ..................................................................................................................2

*Lumbermen's Mut. Cas. Co. v. Norris Grain Co.*,
   343 F.2d 670 (8th Cir. 1965) .....................................................................................................9

*Nat'l Union Fire Ins. v. City Sav. FSB*,
   28 F.3d 376 (3d Cir. 1994) ............................................................................................7, 8, 10

Page

*New Amsterdam Cas. Co. v. W.D. Felder & Co.*,
   214 F.2d 825 (5th Cir. 1954) ..................................................................................9, 10

*Rosa v. R.T.C.*,
   938 F.2d 383 (3d Cir.), *cert. denied*, 502 U.S. 981 (1991) ..........................................6

*Tri-State Hotels, Inc. v. F.D.I.C.*,
   79 F.3d 707 (8th Cir. 1996) ..........................................................................................7

*Washington Bancorp v. F.D.I.C. (In re Washington Bancorp.)*,
   C.A. No. 95-1340, 1996 WL 148533 (D.D.C. Mar. 19, 1996)....................................7

*Western Dealer Mgmt., Inc. v. England (In re Bob Richards Chrysler-Plymouth
   Corp.)*, 473 F.2d 262 (9th Cir. 1973), *cert. denied*, 412 U.S. 919 (1973) ..................8

## Statutes and Rules

12 U.S.C. § 1821(d)(2) ..........................................................................................................2

12 U.S.C. § 1821(d)(3)-(13) ..................................................................................................5

12 U.S.C. § 1821(d)(5)(A)......................................................................................................6

12 U.S.C. § 1821(d)(6)(A)..................................................................................................2, 6

12 U.S.C. § 1821(d)(9) ...........................................................................................................9

12 U.S.C. § 1821(d)(13)(D)............................................................................................. *passim*

12 U.S.C. § 1823(e)(1)............................................................................................................9

Fed. R. Civ. P. 12(b)(1)..................................................................................................1, 2, 5

Defendant Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), respectfully submits this memorandum of law in support of its motion to dismiss the amended complaint filed in this action on May 28, 2010 (the "Complaint") by plaintiff The Colonial BancGroup, Inc. ("BancGroup" or the "Debtor") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

The Federal Deposit Insurance Act, as amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), establishes an exclusive administrative process for the assertion of claims against, or with respect to, a failed bank or the FDIC as its receiver. The Act, in turn, provides that "no court shall have jurisdiction" over any claim or action that is pursued outside of that exclusive receivership claims process. 12 U.S.C. § 1821(d)(13)(D); *see Am. First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 (11th Cir. 1999).

The Complaint in this action is barred by these statutory provisions. BancGroup is the former holding company of Colonial Bank, a failed bank for which the FDIC-Receiver has been appointed receiver. In its Complaint in this action, BancGroup purports to seek declaratory relief establishing ownership, as between itself and Colonial Bank, of income tax refunds and the proceeds of certain insurance policies. Because the Complaint undeniably seeks "a determination of rights with respect to[] the assets of [a] depository institution for which the [FDIC] has been appointed receiver," *see* 12 U.S.C. § 1821(d)(13)(D)(i), this Court does not have subject matter jurisdiction over the action.

Courts have recognized that FIRREA bars declaratory judgment actions, such as this one, that fall within the scope of that statute's jurisdictional bar. In this case, the only permissible

forum for the resolution of the disputes raised in the Complaint here is through BancGroup's separate action that is also pending before this Court, *Colonial BancGroup, Inc. v. F.D.I.C.*, No. 2:10-cv-0198 (MHT) (M.D. Ala.), in which it asserts a claim under FIRREA for *de novo* judicial determination of its disallowed receivership claims. *See* 12 U.S.C. § 1821(d)(6)(A).

Because federal law expressly precludes the exercise of subject matter jurisdiction here, the Complaint in this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

### A.     **Summary of Allegations**[1]

BancGroup is a Delaware corporation that had its headquarters in Montgomery, Alabama. It was the parent corporation of Colonial Bank and certain non-bank subsidiaries. Compl., ¶ 1. By order of the Alabama State Banking Department dated August 14, 2009, Colonial Bank was closed and the FDIC-Receiver was appointed its receiver. Compl., ¶ 4.

By operation of law, upon its appointment the FDIC-Receiver succeeded to the rights, titles, powers and privileges of Colonial Bank, 12 U.S.C. § 1821(d)(2)(A), and it is empowered, among other things, to take over the assets of and operate that institution, collect all obligations and money due the institution, preserve and conserve the assets and property of the institution and place the institution in liquidation and proceed to realize upon its assets, 12 U.S.C. §§ 1821(d)(2)(D), (E). The FDIC-Receiver entered into a purchase and assumption agreement

---

[1] The well-pleaded allegations of the Complaint are assumed to be true solely for purposes of this motion to dismiss for lack of subject matter jurisdiction. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). However, to the extent those allegations are contradicted by factual material outside of the pleadings, the Court may consider such materials in resolving this motion. *Id.* Plaintiff bears the burden to establish federal subject matter jurisdiction, the failure of which requires dismissal. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

dated as of August 14, 2009 with Branch Banking & Trust Co. ("BB&T") under which BB&T purchased certain assets and assumed certain liabilities of Colonial Bank, including deposit liabilities. Compl., ¶ 6.

On August 25, 2009, BancGroup filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Alabama. Compl., ¶ 8. It alleges in the Complaint that it continues "to manage its business affairs as debtor in possession," *id.*, but BancGroup is not now engaged in any active business and has acknowledged that it intends to liquidate whatever assets remain in its bankruptcy estate.

As the parent corporation of a consolidated group, BancGroup prepared and filed federal tax returns on behalf of itself and its subsidiaries, including Colonial Bank. Compl., ¶ 11. BancGroup alleges upon information and belief that it paid federal, state and local taxes for itself and the members of its consolidated group, including Colonial Bank. Compl., ¶¶ 12, 13. BancGroup asserts that it is entitled to be paid tax refunds by various taxing authorities. Compl., ¶¶ 14, 15. BancGroup further alleges that its sole obligation to Colonial Bank and other members of the consolidated group "is to remit, as a function of a debtor/creditor relationship that existed by virtue of" an alleged "tax sharing agreement" and the supposed "course of dealing among the parties," an amount "equal to such consolidated tax group member's right to remittances" of such refunds. Compl., ¶ 16.

BancGroup also alleges that it is a named insured "and has an ownership interest in" a variety of insurance policies, including certain director and officer liability policies and certain fidelity policies. Compl., ¶ 20. The insurance policies name both BancGroup and Colonial Bank as insured persons. Compl., ¶ 21. BancGroup alleges that it is the only entity with any "direct beneficiary interest in or any right of action under the Fidelity Policies," Compl., ¶ 24, and that

3

all losses payable under those policies are "payable solely to the Plaintiff without regard to the Plaintiff's obligations to any of the other Insureds," including Colonial Bank. Compl., ¶ 25. BancGroup alleges that certain notices and proofs of loss have been filed under the various policies. Compl., ¶¶ 26-32.

On the basis of the foregoing allegations, the Complaint asserts two counts for declaratory relief: first, for a determination that the various tax refunds are the property of BancGroup rather than of the FDIC-Receiver, Compl., ¶¶34-42, and second, that the proceeds under the various insurance policies are the property of BancGroup rather than of the FDIC-Receiver, Compl., ¶¶ 43-50.

### B.  Procedural Background

On March 4, 2010, BancGroup filed its original complaint in this action in the Bankruptcy Court. The filing reflected a transparent attempt by BancGroup to lodge jurisdiction in the Bankruptcy Court of disputes that it knew would be raised in a subsequent action under FIRREA, filed in this Court the next day, in which it is seeking *de novo* judicial determination of its disallowed receivership claims under FIRREA. *See* Amended Complaint, *Colonial BancGroup, Inc. v. F.D.I.C.*, No. 2:10-cv-0198 (MHT) (M.D. Ala.) (attached hereto as Exhibit A).

On March 31, 2010, the FDIC-Receiver filed a motion for withdrawal of the reference of this declaratory judgment action and three other matters that had been filed against the FDIC-Receiver by BancGroup in the Bankruptcy Court. In response, BancGroup stated that it would consent to the withdrawal of the reference of this action and two other matters that it had filed against the FDIC-Receiver in the Bankruptcy Court, and the FDIC-Receiver agreed that a fourth matter, concerning certain real property located in Orlando, Florida, would be returned to the

Bankruptcy Court for adjudication. This Court thereafter granted the FDIC-Receiver's motion to withdraw the reference as to this action.

On May 28, 2010, BancGroup filed its amended complaint. In that Complaint, BancGroup omitted a count that had sought declaratory relief regarding the ownership of certain unspecified personal property. Otherwise, the allegations and claims set forth in the Complaint were substantially similar to those in BancGroup's original adversary complaint.

By stipulation, the FDIC-Receiver's time to respond to the Complaint was extended through and including June 25, 2010, the same date as its deadline for responding to BancGroup's FIRREA complaint.

## ARGUMENT

### THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

BancGroup's claims for declaratory relief undeniably seek "a determination of rights with respect to the assets" of Colonial Bank, a failed bank for which the FDIC-Receiver has been appointed receiver. As a result, this action represents an impermissible end-run around the exclusive receivership claims process established in the Federal Deposit Insurance Act, as amended by FIRREA, and the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

When it enacted FIRREA, Congress created an exclusive claims process for claims against or relating to failed bank receiverships. *See Am. First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 (11th Cir. 1999); *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1399 (D.C. Cir. 1995); 12 U.S.C. § 1821(d)(3)-(13). Submission to this receivership claims process is the exclusive remedy for all claims enumerated in section 1821(d)(13)(D), which provides:

>   (D)   **Limitation on judicial review**
>
>   Except as otherwise provided in this subsection, no court shall have jurisdiction over –
>
>   (i)   any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
>   (ii)   any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D); *see Am. First Fed.*, 198 F.3d at 1263.  A person whose receivership claim has been disallowed may pursue an administrative appeal within the FDIC or commence an action in one of two federal district courts – in the district in which the failed bank had its principal place of business or in the District of Columbia – seeking a judicial determination of the disallowed claim.  *See* 12 U.S.C. § 1821(d)(6)(A).  Other than as thus provided, however, "no court shall have jurisdiction over" a "claim" or "action" that is subject to the jurisdictional bar.  12 U.S.C. § 1821(d)(13)(D).

In effect, the jurisdictional bar provision of section 1821(d)(13)(D) works with FIRREA's claims procedures to impose a "statutory exhaustion requirement" that is "explicitly jurisdictional."  *Rosa v. R.T.C.*, 938 F.2d 383, 395 (3d Cir.), *cert. denied*, 502 U.S. 981 (1991) (jurisdictional bar applies to bar all claims that are subject to resolution through the exclusive claims process); *see Am. First Fed.*, 198 F.3d at 1263; *Freeman*, 56 F.3d 1394 at 1400 ("Section 1821(d)(13)(D) thus acts as a jurisdictional bar to claims or actions by parties who have not exhausted their § 1821(d) administrative remedies."); *Hudson United Bank v. Chase Manhattan Bank*, 43 F.3d 843, 849 (3d Cir. 1994) ("the purpose of § 1821(d)(5)(A) and (d)(13)(D) was to force plaintiffs . . . to file their claims under FIRREA's administrative claims procedures before filing them in federal court").

By its terms, the jurisdictional bar deprives courts of subject matter jurisdiction over four types of claim or action:

>   (1)   claims for payment from assets of any depository institution for with the [FDIC] has been appointed Receiver;
>
>   (2)   actions for payment from assets of such depository institutions;
>
>   (3)   actions <u>seeking a determination of rights with respect to the assets of such depository institutions</u>; and
>
>   (4)   a claim relating to any act or omission of such institution or the [FDIC] as receiver.

*Am. First Fed.*, 198 F.3d at 1263 (emphasis added) (citing *Nat'l Union Fire Ins. v. City Sav. FSB*, 28 F.3d 376, 393 (3d Cir. 1994)).  As the Eleventh Circuit has recognized, "[t]here is consensus among the circuits that all claims that fall into these categories are subject to the exhaustion requirement . . ." *Am. First Fed.*, 198 F.3d at 1263.

Declaratory judgment actions, such as this one, are barred by section 1821(d)(13)(D) when the relief they seek falls within the scope of that provision.  *See Tri-State Hotels, Inc. v. F.D.I.C.*, 79 F.3d 707, 714-15 (8th Cir. 1996) ("Tri-State's request for declaratory relief likewise does not render the exhaustion requirements inapplicable."); *Nat'l Union*, 28 F.3d at 385; *Washington Bancorp v. F.D.I.C. (In re Washington Bancorp.)*, C.A. No. 95-1340, 1996 WL 148533, at *9 (D.D.C. Mar. 19, 1996) (granting motion to dismiss complaint for declaratory relief against FDIC as receiver pursuant to jurisdictional bar).

The declaratory relief sought by BancGroup in its Complaint here plainly seeks "a determination of rights with respect to assets of a depository institution for which the {FDIC] has been appointed receiver," 12 U.S.C. § 1821(d)(13)(D)(i), and therefore is subject to the jurisdictional bar.  As the Third Circuit observed in *National Union*, "[n]o reasonable argument can be offered that the plain meaning of the 'any action seeking a determination of rights'

7

language of § 1821(d)(13)(D) does not include complaints requesting declaratory relief." *Nat'l Union*, 28 F.3d at 385.[2]

BancGroup's request for a declaratory judgment that it is entitled to keep any tax refunds it may be paid by taxing authorities on behalf of the consolidated group unquestionably seeks a "determination of rights with respect to assets" of Colonial Bank.  Under federal law, when corporations file joint income tax returns as a consolidated group, tax attributes such as net operating loss carrybacks, and tax refunds arising from the application of such attributes, inure to the benefit of the entity that actually paid the taxes and incurred the loss giving rise to the refund. *See, e.g., Capital Bancshares, Inc. v. F.D.I.C.*, 957 F.2d 203, 210 (5th Cir. 1992) ("[t]he refund is the property of the [subsidiary], which could have generated the refund on its own had it filed with the IRS as a separate entity" and therefore the FDIC as receiver of the subsidiary was entitled to the tax refunds attributable to the losses of the subsidiary); *Western Dealer Mgmt., Inc. v. England (In re Bob Richards Chrysler-Plymouth Corp.)*, 473 F.2d 262, 265 (9th Cir. 1973), *cert. denied*, 412 U.S. 919 (1973); *Jump v. Manchester Life & Cas. Mgmt. Corp.*, 438 F. Supp. 185, 188-89 (E.D. Mo. 1977), *aff'd* 579 F.2d 449 (8th Cir. 1978); *see also Cal. Housing Secs., Inc. v. F.D.I.C.*, No. 99-71084, 12 F. App'x 519, 520 (9th Cir. June 13, 2001); *F.D.I.C. v. Mercer Bancorp, Inc.*, No. 89-0849, 1990 WL 515173, at *2 (W.D. Mo. Dec. 5, 1990); *F.D.I.C. v. Brandt (In re Florida Park Banks, Inc.)*, 110 B.R. 986, 989 (Bankr. M.D. Fla. 1990).  In this

---

[2] Moreover, "[o]ne of the important goals of FIRREA [was] to enable the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by costly and complex litigation." *Nat'l Union*, 28 F.3d at 388.  Permitting declaratory judgment actions that fall within the scope of the bar would thwart this intent and subject the FDIC-Receiver to the very type of collateral litigation that Congress sought to avoid.  *See id.* ("Congress apparently has determined that the societal benefits resulting from the right to bring actions for a determination of rights, including declaratory judgments, are outweighed by the societal benefits resulting from the RTC being able to avoid costly and perhaps unnecessary litigation.").

8

case, Colonial Bank paid the substantial majority of taxes, incurred the substantial majority of losses and owns the substantial majority of tax refunds that might be recovered from taxing authorities by or on behalf of the consolidated group.

In its Complaint, BancGroup does not dispute these dispositive facts. Rather, it argues that the prevailing rule, which would result in Colonial Bank owning most of the tax refunds, should be altered in this instance by virtue of a purported "tax sharing agreement" and an alleged "course of dealing" between BancGroup and Colonial Bank. Compl., ¶¶ 16, 17. While the FDIC-Receiver will show that these assertions are meritless, in any event it cannot be argued that BancGroup's attempt to deprive the FDIC-Receiver of these valuable assets is not an "action" that seeks a "determination of rights with respect to the assets" of the failed bank.[3]

With respect to BancGroup's claim to the proceeds from certain insurance policies, the Complaint itself acknowledges that Colonial Bank is a named insured under those insurance policies along with BancGroup and other parties, *see* Compl., ¶ 21, therefore recognizing that the policy proceeds are assets of the failed bank. The fact that certain of those policies may have designated BancGroup to act as agent for Colonial Bank does not diminish the FDIC-Receiver's property interest in them. *See New Amsterdam Cas. Co. v. W.D. Felder & Co.*, 214 F.2d 825, 826 (5th Cir. 1954) (allowing action under fidelity bond that was prosecuted by insured that was not the "first named assured" but was the real party in interest); *see also Lumbermen's Mut. Cas.*

---

[3] Resolution of the parties' disagreement on these legal issues is not necessary to grant this motion. However, among other problems with BancGroup's argument, the unsigned, undated document that BancGroup contends is some type of "agreement" that would alter the general rule providing Colonial Bank ownership of its tax refunds is not enforceable under the Federal Deposit Insurance Act. *See* 12 U.S.C. §§ 1821(d)(9), 1823(e)(1); *Independent Bancgroup, Inc. v. F.D.I.C. (In re Independent Bancgroup, Inc.)*, 217 B.R. 442, 447-48 (Bankr. D. Vt. 1998) (tax refund was type of asset subject to written agreement requirement, and holding company claim to refunds based on alleged agreement was barred by section 1823(e)).

*Co. v. Norris Grain Co.*, 343 F.2d 670, 689 (8th Cir. 1965) (following *New Amsterdam*).[4]  "An insurance policy is of value to the owner and named insured of the policy, even though it is possible that the owner and named insured will ultimately be found not to be entitled to a particular recovery under the policy." *Nat'l Union*, 28 F.3d at 384 (concluding that insurance policies were "assets" of failed bank that triggered jurisdictional bar of 12 U.S.C. § 1821(d)(13)(D)(i)).  FIRREA expressly limits actions seeking a determination of rights under such policies, as between a failed bank and another insured, to those permitted through the statutory receivership claims process.

BancGroup has demonstrated its own understanding that these issues seek a determination of rights with respect to assets of the failed bank.  Its receivership claim, and its complaint in this Court seeking a *de novo* judicial determination of those disallowed claims under FIRREA, expressly include the same issues.  *See* Exhibit A (amended complaint in FIRREA action), ¶¶ 34-37 (alleging that tax refunds are "payable to BancGroup" and that "[o]n account of BancGroup's payment of federal, state and local taxes for the consolidated tax group, BancGroup is entitled to tax refunds in amounts to be determined . . ."), ¶¶ 82-85 (asserting ownership interest in insurance policies and right to recover proceeds of insurance policies).

As BancGroup understood when it filed its receivership claim, FIRREA provides the exclusive avenue for resolution of the disputes that are raised in the Complaint here.  This action

---

[4] Indeed, BancGroup has stated in a filing with the Bankruptcy Court that it is not aware of any claim that could be asserted by BancGroup itself under the fidelity policy. *See Motion of Debtor for an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing But Not Directing, the Debtor to Exercise its Ownership Rights Over Certain Insurance Policies and the Distribution of the Policy Proceeds*, ¶ 10 [Doc. No. 242].  In contrast, however, substantial claims exist in favor of the FDIC-Receiver under that policy and related policies as a result of serious misconduct that caused direct harm to Colonial Bank.

should be dismissed for lack of subject matter jurisdiction and the issues should instead be resolved in BancGroup's pending FIRREA action.

## **CONCLUSION**

For all of the foregoing reasons, the FDIC-Receiver respectfully submits that the Complaint should be dismissed for lack of subject matter jurisdiction.

Dated: Montgomery, Alabama
       June 25, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel

Jeffrey E. Schmitt
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia  22226
(703) 562-2429

Respectfully submitted,

  /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.
Fritz & Hughes LLC
7020 Fain Park Drive Suite 1
Montgomery, Alabama  36117
(334) 215-4422

- and -

Thomas R. Califano
John J. Clarke, Jr.
Michael D. Hynes
Spencer Stiefel
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:    212-335-4500
Facsimile:    212-335-4501

Attorneys for the
  Federal Deposit Insurance Corporation
  as Receiver for Colonial Bank

11

CERTIFICATE OF SERVICE

  I, Michael A. Fritz, Sr., certify that I have served a copy of the foregoing Memorandum on the following parties by either electronic mail or placing same in the United States Mail, postage prepaid and properly addressed, this the 25th day of June, 2010.

C. Edward Dobbs
Attorney for The Colonial BancGroup, Inc.

               /s/ Michael A. Fritz, Sr.
               Michael A. Fritz, Sr.